LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

SCOTT R. DININ, P.A.
Scott R. Dinin
*(to be admitted pro hac vice)*
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
Fax: (786) 431-1311
*Attorney for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARK B. LASSER, *on behalf of himself and all others similarly situated*,

    Plaintiff,

-against-

THE SHUBERT ORGANIZATION, INC.,
DODGER THEATRICALS, LTD.,
TRIBECA PRODUCTIONS INC.,
EVAMERE ENTERTAINMENT LLC,
and JOHN DOES #1-4,

    Defendants,

Case No.:

**CLASS ACTION COMPLAINT**

---

Plaintiff, MARK B. LASSER (hereafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorney, hereby files this Class Action Complaint against Defendants, THE SHUBERT ORGANIZATION, INC. (hereafter "SHUBERT"), DODGER THEATRICALS, LTD. (hereafter "DODGER"), TRIBECA PRODUCTIONS INC., (hereafter "TRIBECA"),

1

EVAMERE ENTERTAINMENT LLC (hereafter "EVAMERE"), and JOHN DOES #1-4, and states as follows:

## INTRODUCTION

1. This class action seeks to end the systemic civil rights violations committed by Defendants THE SHUBERT ORGANIZATION, INC., DODGER THEATRICALS, LTD., TRIBECA PRODUCTIONS INC., EVAMERE ENTERTAINMENT LLC and JOHN DOES #1-4 (hereafter collectively as "Defendants"), against blind and visually-impaired individuals in New York and across the United States. Defendants are denying blind and visually-impaired individuals throughout the United States equal access to the services it offers in its theatres.

2. Many individuals who are blind or visually-impaired enjoy watching musicals in theatres and engaging in this classic part of American cultural life. Audio description technology is essential to the live musical experience for blind individuals, so that they will know what is happening in scenes without dialogue or scenes that include significant visual elements.

3. To use audio description at a musical, a blind individual wears a headset and listens to audio description that contains narration of the visual elements of the scene synchronized with the musical. Without audio description, blind individuals watching a musical do not know what is happening in scenes without dialogue and may misunderstand the meaning of other scenes. Thus, audio description is essential for the blind viewer's live theatre experience.

4. Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers that deny blind persons the accommodations, advantages, facilities, privileges and services of places of public accommodation, such as live musical theatres.

5. On December 12, 2016, Plaintiff contacted the Box Office to inquire interpretation services for the blind and visually impaired in order to attend the musical, "A Bronx Tale", at Longacre Theatre in New York. However, the Box Office informed Plaintiff that interpretation

services were not available. Unless Defendants provide audio description services, Plaintiff and Class members will continue to be unable to enjoy the service provided in Longacre Theatre.

6. Through its failure to provide functional audio description technology and services, Defendants are excluding blind individuals from full and equal access to its services in Longacre Theatre.

7. Plaintiff notified Defendants of these barriers and attempted to resolve this matter without a lawsuit. However, Defendants failed to remedy the ongoing discriminatory practices.

## JURISDICTION

8. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA").

9. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims under the New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 *et seq*.) and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq*. ("City law").

## VENUE

10. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b)-(c).

11. Defendants are registered to do business in New York State and have been doing business in the Southern District of New York. Defendant THE SHUBERT ORGANIZATION, INC. owns and operates Longacre Theatre in the Southern District of New York.

12. Defendants are subject to personal jurisdiction in the Southern District of New York. Defendants have been and are committing a substantial part of the acts alleged herein in the Southern District of New York, have been and are violating the rights of consumers with disabilities in the Southern District of New York, and have been and are causing injury to

consumers with disabilities in the Southern District of New York. A substantial part of the acts and omissions giving rise to Plaintiff's claims have occurred in the Southern District of New York.

## PARTIES

13. Plaintiff MARK B. LASSER is blind and currently resides in Colorado, Denver. Plaintiff contacted the Box Office of "A Bronx Tale" to inquire about interpretation services for the blind and visually impaired in order to attend the musical "A Bronx Tale" at the Longacre Theatre, which is located at 220 W 48th St, New York, NY 10036. However, the Box Office informed Plaintiff that interpretation services were not available for the blind and visually impaired who desire to attend the musical "A Bronx Tale" in New York. Plaintiff seeks full and equal access to the goods and services provided by Defendants through the musical "A Bronx Tale".

14. Defendant THE SHUBERT ORGANIZATION, INC. is an American for-profit corporation organized under the laws of New York, with a process of service address at 234 West 44th Street 6th FL, New York, New York, 10036. SHUBERT owns and/or operates Longacre Theatre, which is located at 220 W 48th St, New York, New York 10036. Longacre Theatre encompasses about 1,000 seats and has provided live musical shows to millions of individuals, but fails to make its services accessible to blind individuals by providing audio description equipment and services. SHUBERT has denied Plaintiff the full use and enjoyment of the facilities, goods, and services of Longacre Theatre in New York.

15. Defendant DODGER THEATRICALS, LTD. is an American for-profit corporation organized under the laws of New York, with a process of service address at 311 West 43rd Street, 6th Floor, New York, New York, 10036. DODGER is the production company of the musical "A Bronx Tale".

16. Defendant TRIBECA PRODUCTIONS INC. is an American for-profit corporation organized under the laws of New York, with a process of service address at 375 Greenwich Street, New York, New York, 10013. TRIBECA is the production company of the musical "A Bronx Tale".

17. Defendant EVAMERE ENTERTAINMENT LLC is an American for-profit corporation organized under the laws of New York, with a process of service address at 130 West 57th Street, New York, New York, 10019. DODGER is the production company of the musical "A Bronx Tale".

18. Upon information and belief, Defendants JOHN DOES #1-4 constitute other entities that have ownership interests in the musical "A Bronx Tale" and/or participated in the operation of the musical "A Bronx Tale," and are jointly and severally liable together with the corporate Defendants.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2), and alternatively, (b)(3), on behalf of all blind individuals and individuals with a visual impairment that substantially limits the major life activity of seeing, in the United States, who have attempted to enjoy the musical "A Bronx Tale" at the Longacre Theatre.

20. The persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

21. There are common questions of law and fact involved affecting the parties to be represented in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendants' goods, facilities, and services due to the lack of provision and maintenance of audio description required by law for persons with disabilities.

22. The claims of the named Plaintiff are typical of those of the class.

23. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, including class actions brought under the Americans with Disabilities Act.

24. Class certification of the claims is appropriate pursuant to Fed. R. Civ P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class,

making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

25. Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

26. References to Plaintiff shall be deemed to include the named Plaintiff and each member of the Class, unless otherwise indicated.

## FACTUAL ALLEGATIONS

27. Defendants own, operate, manage and produce the musical "A Bronx Tale", which is a famous Broadway musical. Thousands of people have attended the musical "A Bronx Tale" at the Longacre Theatre

28. Despite this strong record of providing entertainment to thousands of Americans, Defendants have failed to provide equivalent services to individuals who are blind or visually-impaired. Defendants have refused to provide audio description at the venue which shows the musical, "A Bronx Tale".

29. Properly functioning audio description technology provides audio descriptions of the visual elements of the musical. Such narrative must be provided live for live theatres in order to be synchronized with the acting on the stage. Theatres deliver audio description to blind customers through audio description devices. To access audio description, a theatre provides a blind customer with a small receiver, which the blind customer can connect to his or her own headphones or headphones that the theatre provides. The headset receiver is battery-operated and programmed to wirelessly receive the audio description for the specific musical the individual has bought a ticket to watch and be entertained.

30. The audio description technology is widely used in entertainment industries such as movies theaters. On November 21, 2016, Attorney General of the United States signed a final rule

6

under the ADA to require covered movie theaters to have and maintain the equipment necessary to provide audio description at a movie patron's seat. Given the similarities of the movie venue with the live theatre venue, live theatres must also be required to provide live audio description to the blind.

31. Although the audio description technology is readily available, Defendants refused to provide audio description service to customers.

32. This case arises out of Defendants' policies and practices of denying blind and visually-impaired individuals access to their musical showings, through their failures to provide audio description devices.

33. Numerous individuals who are blind or visually-impaired enjoy going to live theatres, and have attempted to access Defendants' services. These individuals have repeatedly been unable to fully and equally enjoy the musical, "A Bronx Tale", in the Longacre Theatre because Defendants fail to provide audio description services. These failures deny these individuals full and equal access to the musical, "A Bronx Tale."

34. Plaintiff LASSER has encountered great difficulty accessing services provided by Longacre Theatre. In December 2016, Plaintiff contacted the box office of Defendant's theatre to inquire about accessibility aids for blind and visually impaired who desire to attend the musical, "A Bronx Tale." However, the box office informed Plaintiff that no audio description will be provided to the blind and visually impaired.

35. The denial of effective audio description equipment and services at the Longacre Theatre has deterred and will continue to deter blind and visually impaired people from attending musicals. Defendants are violating basic equal access requirements under the ADA by failing to provide audio description services. Defendants must be compelled to provide live audio description. Because Plaintiff recognizes the logistics required to arrange for live narration to synchronize with live theatre, Plaintiff believes that at least one show per week must be made available with at least 25 headsets available for each such show, subject to increase based on demand.

Case 1:17-cv-01742-ALC-KNF   Document 1   Filed 03/08/17   Page 8 of 20

## FIRST CAUSE OF ACTION

**Violation of Title III of the Americans with Disabilities Act (42 U.S.C. § 12181, *et seq.*)**

**(on Behalf of the Named Plaintiff and the Class)**

36. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

37. Title III of the ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of places of public accommodation. 42 U.S.C. § 12182.

38. Defendants own, operate, lease, manage and/or produce the musical "A Bronx Tale" at the Longacre Theatre, which is a place of public accommodation within the statutory definition. 42 U.S.C. § 12181(7)(C).

39. Title III prohibits entities that own, operate, lease, or lease to places of public accommodation from denying an individual or class of individuals with disabilities the opportunity to participate or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a).

40. Title III prohibits entities that own, operate, lease, or lease to places of public accommodation from affording an individual or class of individuals with disabilities the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii); 28 C.F.R. § 36.202(b).

41. By failing to provide any audio description system, Defendants are excluding Plaintiff from participating in and benefiting from the goods, services, facilities, privileges, advantages, and accommodations of the live musical show "A Bronx Tale", in violation of Title III. Defendants further violate Title III because they are providing Plaintiff and blind individuals with a live musical experience that is not equal to the experience afforded to other individuals when audio description devices are not made available.

42.     Under Title III, entities that own, operate, lease, or lease to places of public accommodation must take the steps necessary to ensure that no individuals with disabilities are excluded, denied services, or otherwise treated differently than others because of the absence of auxiliary aids and services, unless doing so would fundamentally alter the services provided or create an undue burden. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

43.     Audio description is an auxiliary aid under Title III of the ADA. Defendants have further violated Title III by failing to take the steps necessary to ensure that blind and visually-impaired persons are not excluded from its services because of the absence of audio description.

44.     It is a violation of Title III for entities that own, operate, lease, or lease to places of public accommodation to fail to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the modification would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

45.     By failing to modify practices, policies, and procedures to ensure that audio description service is provided, Defendants are violating Title III.

46.     The actions of Defendants were and are in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, and regulations promulgated thereunder. Many blind and visually-impaired individuals, including Plaintiff, have been and continue to be denied full and equal access to the musical "A Bronx Tale". Defendants have failed to take the necessary steps to provide full and equal access to blind and visually-impaired patrons, and Defendants' violations of the ADA are ongoing. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

47.     Plaintiff is entitled to injunctive relief. 42 U.S.C. § 12188.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

**Violation of New York State Human Rights Law, N.Y. Exec. Law,**

**Article 15 (Executive Law § 292 *et seq*.)**

**(on behalf of Plaintiff and New York subclass)**

48. Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

49. N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation … because of the … disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

50. The Longacre Theatre is located in New York State and is a sales establishment and public accommodation within the definition of N.Y. Exec. Law § 292(9). The musical "A Bronx Tale" is a service, privilege or advantage offered by the Longacre Theatre. The musical "A Bronx Tale" is a service that is by, and integrated with, the Longacre Theatre.

51. Defendants are subject to New York Human Rights Law because they own, operate, lease, manage and produce the musical "A Bronx Tale" at the Longacre Theatre. Defendants are persons within the meaning of N.Y. Exec. Law § 292(1).

52. Defendants are violating N.Y. Exec. Law § 296(2)(a) in refusing to update or remove access barriers to the musical "A Bronx Tale," causing the musical "A Bronx Tale" to be inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Defendants makes available to the non-disabled public.

53. Specifically, under N.Y. Exec. Law § 296(2)(c)(I), unlawful discriminatory

practice includes, among other things, "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations."

54. In addition, under N.Y. Exec. Law § 296(2)(c)(II), unlawful discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden."

55. Defendants' actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the New York State Human Rights Law, N.Y. Exc. Law § 296(2) in that Defendants have:

    (a) own, operate, lease, manage and produce the musical, "A Bronx Tale", at Longacre Theatre, which is inaccessible to blind class members with knowledge of the discrimination; and/or

    (b) own, operate, lease, manage and produce the musical, "A Bronx Tale", at Longacre Theatre, which is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

    (c) failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

56. Defendants have failed to take any prompt and equitable steps to remedy their

discriminatory conduct. These violations are ongoing.

57. As such, Defendants have discriminated, and will continue in the future to discriminate against Plaintiff and members of the proposed class on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations of the musical "A Bronx Tale" and the Longacre Theatre under § 296(2) et seq. and/or its implementing regulations. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff and members of the class will continue to suffer irreparable harm.

58. The actions of Defendants were and are in violation of New York State Human Rights Law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

59. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines pursuant to N.Y. Exc. Law § 297(4)(c) et seq. for each and every offense.

60. Plaintiff is also entitled to reasonable attorneys' fees and costs.

61. Pursuant to N.Y. Exc. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

**THIRD CAUSE OF ACTION**

**Violation of New York State Civil Rights Law, NY CLS Civ R, Article 4 (CLS Civ R § 40 *et seq*.)**

**(on behalf of Plaintiff and New York subclass)**

62. Plaintiff served notice thereof upon the attorney general as required by N.Y. Civil Rights Law § 41.

63. Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

64. N.Y. Civil Rights Law § 40 provides that "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No persons, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any such place shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities and privileges thereof …"

65. N.Y. Civil Rights Law § 40-c(2) provides that "no person because of … disability, as such term is defined in section two hundred ninety-two of executive law, be subjected to any discrimination in his or her civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision"

66. The Longacre Theatre is located in New York State and is a sales establishment and public accommodation within the definition of N.Y. Civil Rights Law § 40-c(2). The musical "A Bronx Tale" is a service, privilege or advantage of Longacre Theatre. The musical "A Bronx Tale" is a service that is by, and integrated with, the Longacre Theatre.

67. Defendants are subject to New York Civil Rights Law because they own, operate, lease, manage and produce the musical "A Bronx Tale" and Longacre Theatre. Defendants are persons within the meaning of N.Y. Civil Law § 40-c(2).

68. Defendants are violating N.Y. Civil Rights Law § 40-c(2) in refusing to update or remove access barriers to the musical "A Bronx Tale," causing the musical "A Bronx Tale" to be to be inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Defendants make available to the non-disabled

public.

69. In addition, N.Y. Civil Rights Law § 41 states that "any corporation which shall violate any of the provisions of sections forty, forty-a, forty-b or forty two … shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby…"

70. Specifically, under NY Civ Rights Law § 40-d, "any person who shall violate any of the provisions of the foregoing section, or subdivision three of section 240.30 or section 240.31 of the penal law, or who shall aid or incite the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the Defendants shall reside …"

71. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

72. As such, Defendants have discriminated, and will continue in the future to discriminate against Plaintiff and members of the proposed class on the basis of disability are being directly or indirectly refused, withheld from, or denied the accommodations, advantages, facilities and privileges thereof in § 40 et seq. and/or its implementing regulations.

73. Plaintiff is entitled to compensatory damages of five hundred dollars per instance, as well as civil penalties and fines pursuant to N.Y. Civil Law § 40 et seq. for each and every offense.

**FOURTH CAUSE OF ACTION**

**Violation of New York City Human Rights Law, N.Y.C. Administrative Code § 8-102,** *et seq.*

**(on behalf of Plaintiff and New York subclass)**

74.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

75.     N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of … disability … directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

76.     The Longacre Theatre is located in New York State and is a sales establishment and public accommodation within the definition of N.Y.C. Administrative Code § 8-102(9). The musical "A Bronx Tale" is a service, privilege or advantage of Longacre Theatre. The musical "A Bronx Tale" is a service that is by, and integrated with, the Longacre Theatre

77.     Defendants are subject to City Law because they own, operate, lease, manage and produce the musical "A Bronx Tale" and the Longacre Theatre. Defendants are persons within the meaning of N.Y.C. Administrative Code § 8-102(1).

78.     Defendants are violating N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to the musical "A Bronx Tale", causing the musical "A Bronx Tale" to be inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods, and services that Defendants makes available to the non-disabled public. Specifically, Defendants are required to "make reasonable accommodation to the needs of persons with disabilities … any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating on the basis of disability shall make reasonable accommodation to enable a person

with a disability to … enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Administrative Code § 8-107(15)(a).

79. Defendants' actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the N.Y.C. Administrative Code § 8-107(4)(a) and § 8-107(15)(a) in that Defendants have:

    (a) own, operate, lease, manage and produce the musical "A Bronx Tale", at the Longacre Theatre, which is inaccessible to blind class members with knowledge of the discrimination; and/or

    (b) own, operate, lease, manage and produce the musical, "A Bronx Tale," at the Longacre Theatre, which is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

    (c) failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

80. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

81. As such, Defendants have discriminated, and will continue in the future to discriminate, against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the musical "A Bronx Tale" at the Longacre Theatre under § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff and members of the class will continue to suffer irreparable harm.

82. The actions of Defendants were and are in violation of City law and therefore

Plaintiff invokes his right to injunctive relief to remedy the discrimination.

83. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense.

84. Plaintiff is also entitled to reasonable attorneys' fees and costs.

85. Pursuant to N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## DECLARATORY RELIEF
### (on Behalf of The Named Plaintiff and the Class)

85. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

86. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and are informed and believe that by failing to maintain and provide audio description equipment and services, Defendants fail to comply with applicable laws, including but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, N.Y. Exec. Law § 296, *et seq.*, and N.Y.C. Administrative Code § 8-107, *et seq.* prohibiting discrimination against the blind.

87. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff requests relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. A preliminary and permanent injunction to prohibit Defendants from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, N.Y. Exec. Law § 296, *et seq.*, N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York;

2. A preliminary and permanent injunction requiring Defendants to take the steps necessary to provide audio description equipment and live narration services once a week with 25 audio sets for each show in the Longacre Theatre for individuals who are blind or visually-impaired.

3. A declaration that Defendants discriminate against blind and visually-impaired persons by failing to provide blind and visually-impaired individuals, including Plaintiff, with full and equal access to the services, facilities, privileges, advantages, and accommodations of the services at the Longacre Theatre in violation of Title III of the ADA, 42 U.S.C. §§ 12181, *et seq.* N.Y. Exec. Law § 296, *et seq.*, N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York;

4. An order awarding Plaintiff reasonable attorneys' fees and costs, as authorized by state and federal law;

5. For pre and post-judgment interest to the extent permitted by law; and

6. For such other and further relief as the Court deems just and proper.

DATED: March 8, 2017 LEE LITIGATION GROUP, PLLC

By: ___/s/ C.K. Lee_____
      C.K. Lee, Esq.


C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*


SCOTT R. DININ, P.A.

By: ___/s/ Scott Dinin_____
      Scott R. Dinin, Esq.


Scott R. Dinin
*(to be admitted pro hac vice)*
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
Fax: (786) 431-1311
*Attorney for Plaintiff and the Class*